# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LYDIA WOLTAG, | |
| Plaintiff, | Case No. 2:14-cv-00206-KJD-CWH |
| v. | **ORDER** |
| SMITH'S FOOD AND DRUG CENTERS, INC., | |
| Defendant. | |

Presently before the Court is Lydia Woltag's ("Plaintiff") Motion to Remand (#4). Smith's Food and Drug Centers, Inc. ("Defendant") filed a response in opposition (#8).

I. Procedural History

On February 28, 2013 Plaintiff filed her complaint in Nevada state court, seeking damages in excess of $10,000.00. On April 15, 2013 Plaintiff filed an Exemption from Arbitration, which stated that she had $39,839.16 in past medical expenses. On September 18, 2013 Plaintiff served her First Supplement to the NRCP 16.1 disclosures, showing total medical expenses exceeding $53,000.00. On December 18, 2013, Plaintiff served her Fourth Supplement, providing medical bills, showing total

medical expenses exceeding $84,000.00. On February 7, 2014 Defendant filed its Notice of Removal. On February 12, 2014 Plaintiff filed the present Motion to Remand to state court.

Plaintiff argues that Defendant should have filed its Notice of Removal no later than January 17, 2014, thereby satisfying 28 U.S.C. § 1446(b)'s 30-day notice of removal requirement. Defendant, however, claims that it was not until January 27, 2014, when Defendant took the deposition of one of Plaintiff's physicians, verifying that Defendant would require total knee replacement, that the amount in controversy exceeded $75,000.00, and the case became removable. Defendant filed the Notice of Removal on February 7, 2014. Plaintiff further argues that Defendant's principal place of business is in Nevada, thereby defeating the diversity jurisdiction requirement as well.

II. Legal Standard

A. Diversity Jurisdiction and Amount in Controversy

For the federal court to exercise diversity jurisdiction there must be (1) diversity of citizenship between Plaintiff and Defendant, and (2) an amount in controversy that exceeds $75,000.00. 28 U.S.C. § 1332(a). Diversity of citizenship is determined at the time the complaint is filed. Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131-32 (9th Cir. 2002). Corporations, for diversity purposes, are considered citizens both of the state of incorporation and the state where the corporation has its principal place of business. 28 U.S.C. § 1446(b). In Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010), the Supreme Court held that a corporation's principal place of business is its "nerve center", or wherever "a corporation's officers direct, control, and coordinate the corporation's activities." Id. at 92-93.

In a removal action, when the amount in controversy on the face of the complaint does not exceed $75,000.00, the defendant has the burden of showing that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (citing to Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). When a plaintiff makes a good faith claim, that claim controls. Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000). However, dismissal is justified if it appears "to a legal certainty

1  that the claim is really for less than the jurisdictional amount." Guglielmino, 506 F.3d at 699 (quoting

2  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)).

3       Removing defendant has the burden of proving all jurisdictional facts and establishing that

4  removal is proper.  See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Federal courts

5  strictly construe the removal statute against removal jurisdiction. Id. at 566. Doubts as to removability

6  are usually resolved against the right of removal and in favor of remanding the case to state courts. Id.

7       B. 30-Day Removal Requirement

8       28 U.S.C. § 1446(b) requires a defendant to file a notice of removal "within 30 days after the

9  receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth

10  the claim for relief upon which such action or proceeding is based, or within 30 days after ... the case

11  ... has become removable." § 1446(b)–(b)(3). A defendant has thirty (30) days to file a Notice of

12  Removal after it receives "an amended pleading, motion, order, or other paper from which it can be

13  clearly ascertained that the case is removable." Harris v. Bankers Life and Casualty Co., 425 F.3d

14  689, 694 (9th Cir. 2005) (quoting Cantrell v. Great Republic Ins. Co., 873 F.2d 1249, 1255–56 (9th

15  Cir. 1989)).

16  III. Analysis

17       A. Diversity Jurisdiction and Amount in Controversy

18       Defendant is incorporated in the State of Ohio (Resp. to Pl.'s Mot. for Rem., Ex. 1, ECF No.

19  8). Defendant's corporate headquarters are in Salt Lake City, Utah, and all of the corporate officers

20  work at the headquarters in Salt Lake City, Utah (Resp., Ex. 1, ECF No. 8). Therefore, for purposes

21  of diversity jurisdiction Defendant is a citizen of Ohio and Utah. Consequently, diversity of citizenship

22  exists. Defendant was on notice no later than December 18, 2013 that the amount in controversy

23  exceeded $75,000.00, when the Fourth Supplement was served showing medical bills exceeding

24  $84,000.00.

25  ///

26  ///

3

B. 30-Day Removal Requirement

Once a case has become removable, the defendant has thirty (30) days to file a notice of removal. Defendant in the present case should have known on December 18, 2013 that Plaintiff had a good faith claim exceeding $75,000.00. There is no requirement that Defendant independently verify the amount in controversy, so long as it was made in good faith. The 30-day clock began to tick from December 18, 2013, the date on which it could be "clearly ascertained" that the case was removable. Harris, 425 F.3d at 694. Defendant did not file the notice for removal until February 7, 2014, more than 30 days after the case became removable. Therefore, the notice for removal was filed late, and the motion to remand is granted.

IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (#4) is **GRANTED**.


DATED this 21st day of May 2014.




_____
Kent J. Dawson
United States District Judge

4